**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
IXANDER TAVERA AND ARISAEL TOLENTINO,        Case No.

             Plaintiffs,

                                        **COMPLAINT**

  -against-

CITY STYLE NEW YORK, LLC and                **Jury Trial Demanded**
BABA P. ADAMS,

             Defendants.
----------------------------------------------------------------X

      Plaintiffs Ixander Tavera ("Tavera") and Arisael Tolentino ("Tolentino") (collectively, "Plaintiffs") allege against Defendants City Style New York, LLC ("City Style" or the "Company") and Baba P. Adams ("Adams") (collectively, "Defendants), upon information and belief, as follows:

## NATURE OF THE CLAIMS

1. Tavera was employed with the Defendants from approximately February 15, 2021 to April 29, 2022. Tavera worked 60 hours per week from February to May 2021, 50 hours per week from June to August 2021 and 30 hours per week from September 2021 to April 2022. In all instances, Tavera was paid less than the minimum wage – either $60.00, $65.00 or $70.00 per day in cash. In addition, despite working more than forty hours per week from February to August 2021, the Defendants failed to pay Tavera overtime. Furthermore, the Defendants committed statutory wage violations, by failing to provide Tavera with a wage notice or a proper wage statements / pay stubs.

2. Tolentino was employed with the Defendants from approximately February 15, 2021 to June 24, 2021. Tolentino worked 46 hours per week. Tolentino was paid less than the minimum wage, just $40.00 per day in cash. In addition, despite working more than forty

hours per week, the Defendants failed to pay Tolentino overtime. Furthermore, the Defendants committed statutory wage violations, by failing to provide Tolentino with a wage notice or a proper wage statements / pay stubs.

3. As such, Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended 29 U.S.C. §§ 201 *et. seq.* ("FLSA") that they are entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime, (3) liquidated damages and (3) attorneys' fees and costs.

4. Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL") that they are entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime, (3) civil damages for statutory wage notice violations, (4) liquidated damages and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because Defendants' principal place of business is located in this district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

8. Plaintiff Ixander Tavera ("Tavera") was and is a resident of Bronx County, New York.

9. Plaintiff Arisael Tolentino ("Tolentino") was and is a resident of Bronx County, New York.

10. Defendant City Style New York, LLC ("City Style" or the "Company") was and is a domestic limited liability company organized under the laws of the State of New York.

11. City Style was and is authorized to conduct business in the State of New York.

12. City Style was and is located at 135 E Fordham Road, Bronx NY 10468.

13. City Style was and is located at 435 Fulton Street, Brooklyn NY 11201.

14. Defendant Baba P. Adams ("Adams"), upon information and belief, was and is a resident of the State of New York.

15. Adams and is Owner of City Style.

16. Adams exercised control over the employment terms and conditions of the Plaintiffs. Adams had and exercised the power and authority to (i) fire and hire, (ii) determine the rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of the Plaintiffs. At all times, the Plaintiffs could complain directly to Adams regarding any of the terms of their employment, and Adams would have the authority to effect any changes to the quality and terms of the Plaintiffs' employment.

17. At all times relevant times, City Style has been a business or enterprise engaged in interstate commerce employing more than two employees and earning gross annual sales over $500,000.00.

18. At all relevant times, City Style is an "enterprise engaged in commerce" within the meaning of the FLSA, the NYLL and the regulations thereunder.

19. At all relevant times, the work performed by the Plaintiffs was directly essential to the business operated by the Defendants.

**STATEMENT OF FACTS**

<u>Plaintiff Tavera</u>

20. On or about February 15, 2021, Tavera commenced employment with City Style.

21. Tavera's job responsibilities and duties included buying shoes and bringing them back to City Style for resale and selling shoes at the store.

22. Tavera worked for City Style at both of their locations – 435 Fulton Street, Brooklyn NY 11201 and 135 E Fordham Road, Bronx NY 10468.

23. Tavera was not provided with a wage notice upon his hire.

24. From approximately mid-February 2021 through May 2021, Tavera worked for City Style six days per week, ten hours per day, for a total of 60 hours per week.

25. During this time frame, Tavera worked at the Fulton Street store.

26. From approximately June 2021 to August 2021, Tavera worked for City Style five days per week, ten hours per day, for a total of 50 hours per week.

27. During these three months, Tavera worked at both the Fulton Street and the Fordham Road stores.

28. From approximately September 2021 to April 29, 2022, Tavera worked for City Style three days per week, ten hours per day, for a total of 30 hours per week.

29. During this time frame, Tavera worked at the Fordham Road store.

30. Tavera was paid solely in cash during his employment with City Style.

31. Tavera did not receive any wage statements or pay stubs with each cash payment he received.

32. From approximately mid-February 2021 to July 2021, Tavera was paid $60.00 per day.

33. Starting in approximately July 2021, Tavera received a pay increase to $65.00 per day.

34. In approximately February 2022, Tavera's pay increased to $70.00 per day.

35. Tavera was paid once per week (on Sundays) in cash in an envelope, typically by one of the store managers – Raymond Manu, Ali (last name unknown) or Raheem (last name unknown).

36. The Defendants failed to pay minimum wage to Tavera during his employment.

37. Although Tavera worked over forty hours per week, the Defendants failed to pay Tavera overtime.

Plaintiff Tolentino

38. On or about February 15, 2021, Tolentino commenced employment with City Style.

39. Tolentino's job responsibilities and duties included buying shoes and bringing them back to City Style for resale and selling shoes at the store.

40. Tolentino worked for City Style at 135 E Fordham Road, Bronx NY 10468.

41. Tolentino was not provided with a wage notice upon his hire.

42. Tolentino worked for City Style six days per week, for a total of 46 hours per week.

43. Tolentino was paid solely in cash during his employment with City Style.

44. Tolentino did not receive any wage statements or pay stubs with each cash payment he received.

45. Tolentino was paid $40.00 per day.

46. Tolentino was paid solely in cash.

47. The Defendants failed to pay minimum wage to Tolentino during his employment.

48. Although Tolentino worked over forty hours per week, the Defendants failed to pay Tolentino overtime.

49. The Defendants knowingly and willfully operated their business with a policy of not paying the Federal or the New York State minimum wage rate.

50. Defendants knowingly and willfully operated their business with a policy of not paying the Federal or the New York State overtime rate (time and a-half).

51. Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices pursuant to the NYLL.

52. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements / pay stubs pursuant to the NYLL.

### FIRST CAUSE OF ACTION
### (FLSA – Unpaid Minimum Wage)

53. Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

54. By failing to pay the correct statutory minimum wage for all hours worked, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206 and 215(a)(2).

55. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

56. Defendants' failure to pay minimum wage for all hours worked caused the Plaintiffs to suffer loss of wages and interest thereon.  Therefore, Plaintiffs are entitled to recover from Defendants their full unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### (NYLL – Unpaid Minimum Wage)

57. Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

58. Defendants willfully violated Plaintiffs' rights by failing to pay the correct statutory minimum wage for all hours worked, in violation of the NYLL and regulations promulgated thereunder.

59. Defendants' failure to pay minimum wage for all hours worked caused Plaintiffs to suffer loss of wages and interest thereon.  Therefore, Plaintiffs are entitled to recover from Defendants their full unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL § 663(1) *et seq.*

## THIRD CAUSE OF ACTION
### (FLSA – Unpaid Overtime)

60. Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs as though they were fully set forth herein.

61. By failing to pay overtime at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

62. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

63. Defendants' failure to pay overtime caused Plaintiffs to suffer loss of wages and interest thereon.  Plaintiffs are entitled to recover from Defendants their unpaid overtime

premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

**FOURTH CAUSE OF ACTION**
**(NYLL – Unpaid Overtime)**

64. Plaintiffs repeat and reallege the preceding paragraphs as though they were fully set forth herein.

65. Defendants willfully violated the Plaintiffs rights by failing to pay overtime compensation at a rate of not less than one and one-half times the regular rate of pay for hours worked in excess of 40 each week, in violation of the NYLL and the regulations promulgated thereunder.

66. Defendants' failure to pay overtime premium compensation caused the Plaintiffs to suffer loss of wages and interest thereon. The Plaintiffs are entitled to recover from the Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 666(3) *et seq*.

**FIFTH CAUSE OF ACTION**
**(NYLL – Failure to Provide Wage Notice)**

67. Plaintiffs repeat and reallege the preceding paragraphs as though they were fully set forth herein.

68. Defendants have willfully failed to supply the Plaintiffs with a wage notice as required by NYLL, Article 6, § 195(1), at the time of hire or annually, containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift,

day, week, salary, piece, commission other; the regular pay day designated by the employer; the name of the employer; the physical address of the employer and the telephone number of the employer.

69. Due to the Defendants' violations of the NYLL, the Plaintiffs are entitled to recover from Defendants fifty dollars for each workday that the violations occurred or continue to occur, up to a maximum of $5,000.00 per employee, as provided for by NYLL, Article 6 §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## SIXTH CAUSE OF ACTION
### (NYLL – Failure to Provide Wage Statements)

70. Plaintiffs repeat and reallege the preceding paragraphs as though they were fully set forth herein.

71. Defendants have willfully failed to provide the Plaintiffs with proper wage statements as required by NYLL Article 6 § 195 (3) with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employer; address and phone number of employer' rate or rates of pay and basis thereof; whether paid by the hour, shift, day, week, salary or other; gross wages; deductions; and net wages.

72. Due to the Defendants' violations of the NYLL, the Plaintiffs are entitled to recover from Defendants two hundred fifty dollars for each workday that the violations occurred or continue to occur, up to a maximum of $5,000.00 per employee, as provided for by NYLL, Article 6 §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive

and declaratory relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court GRANT the following relief:

A. A declaratory judgment that the practices complained of herein are unlawful under applicable federal and state law;

B. An injunction against Defendants' and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

C. An award of compensatory damages as a result of Defendants' failure to pay minimum wage pursuant to the FLSA, NYLL and supporting regulations;

D. An award of compensatory damages as a result of Defendants' failure to pay overtime compensation pursuant to the FLSA, NYLL and supporting regulations;

E. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage and overtime compensation pursuant to the FLSA and NYLL;

F. A maximum of $5,000.00 for each Plaintiff to failure to provide a proper wage notice upon hire or annually;

G. A maximum of $5,000.00 for each Plaintiff for the failure to provide proper wage statements pursuant to the NYLL;

H. An award of prejudgment and post-judgment interest;

I. An award of costs and expenses of this action together with reasonable attorneys' and

expert fees;

J.  Such other relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury.

Dated: May 24, 2022
New York, New York

Respectfully submitted,

**Akin Law Group PLLC**

*/s/ Robert D. Salaman*
_____
Robert D. Salaman
45 Broadway, Suite 1420
New York, NY 10006
(212) 825-1400
rob@akinlaws.com

*Counsel for Plaintiffs*